UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIAN YEPES,

v.   Case No.   8:99-cr-25-T-24TBM
                8:05-cv-1846-T-24TBM

UNITED STATES OF AMERICA.

_____/

## ORDER

This cause is before the Court on Defendant Julian Yepes (Yepes') motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-153).

### BACKGROUND

On May 17, 1999, Yepes pled guilty to a one-count Indictment. Count one charged that Yepes and others:

> did knowingly and willfully combine, conspire, and agree together with each other and others known and unknown to the Grand Jury to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1). In violation of Title 21 United States Code, Section 846.

(Doc. cr-27, cr-80, cr-133 [Transcript of Plea Hearing]). There was no written plea agreement.

On August 10, 1999, the Court sentenced Yepes to 135 months incarceration and judgment was entered. (Doc. cr-102, cr-103). Yepes appealed. On June 5, 2000, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and

sentence. On April 2, 2003, the Government filed a motion to reduce Yepes' sentence based on his cooperation subsequent to the August 10, 1999 sentencing. (Doc. cr-148). On April 9, 2003, the Court granted the motion to reduce sentence and entered an amended judgment. The Court sentenced Yepes to 108 months incarceration under the amended judgment. (Doc. cr-148).

## Motion To Vacate Is Time-Barred

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied

certiorari. United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997); United States v. Dorsey, 988 F.Supp. 917, 919 (D. Md. 1998) ("In this case, this means that Dorsey had one year from October 7, 1996, -- the date on which the Supreme Court denied certiorari, in which to file his 2255 motion.").

Since Yepes did not file a petition for writ of certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the date of the entry of judgment by the United States Court of Appeals. That date was September 3, 2000. See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255 until expiration of 90-day period for seeking certiorari), cert. denied, 123 S.Ct. 287 (2002). Yepes had until September 3, 2001, to file a timely motion to vacate. He did not sign the present motion to vacate until September 29, 2005. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

Yepes has not presented any exceptional circumstances for tolling the one-year limitations period.

Furthermore, Yepes' claims are related to his sentencing and he seeks to be resentenced pursuant to the holdings in United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004). Because neither Booker nor Blakely are retroactive on collateral attack, see Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), Yepes' claims have no merit, even if the motion to vacate were not time-barred.

Accordingly, the court orders:

That Yepes' motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-153) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Yepes and to close the civil case.

ORDERED at Tampa, Florida, on October 7, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Joseph K. Ruddy

Pro se: Julian Yepes